UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
———

DAVID ALAN WALTERS,                )
                                   )
                    Petitioner,    )       Case No. 1:00-cv-456
                                   )
v.                                 )       Honorable Robert Holmes Bell
                                   )
KURT JONES,                        )
                                   )       **REPORT AND RECOMMENDATION**
                    Respondent.    )
_____)

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is serving a term of 12 to 20 years, imposed by the Genesee County Circuit Court on August 3, 1994, after he pleaded guilty to one count of possession with intent to deliver more than 50 but less than 225 grams of cocaine, MICH. COMP. LAWS § 333.7401(2)(a)(iii). In his *pro se* petition, Petitioner raises two grounds for relief, as follows:

I.    THIS COURT SHOULD ISSUE A WRIT OF HABEAS CORPUS BECAUSE PETITIONER WAS DENIED EQUAL PROTECTION OF LAW WHEN HE DID NOT ENJOY HIS RIGHT TO SPEEDY TRIAL UNDER THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHICH WAS BINDING ON THE STATE OF MICHIGAN THROUGH THE FOURTEENTH AMENDMENT AFTER THE PETITIONER FAILED TO EXERCISE HIS RIGHT TO APPLY FOR LEAVE TO APPEAL TO [SIC] MICHIGAN SUPREME COURT.

II.   THE CIRCUMSTANCES OF THIS CASE CONFIRMS [SIC] THAT DEFENDANT WAS DENIED HIS FIRST APPEAL OF RIGHT BECAUSE APPELLANT [SIC] COUNSEL DEFAULTED IN MASTERING THE TRIAL COURT RECORDS AND FAILED TO ADEQUATE [SIC] RESEARCH THE ISSUES, THEREBY PROCEDURALLY DEFAULTING.

Respondent has filed an answer to the petition (docket #8) stating that Petitioner waived his Sixth Amendment speedy trial claim by pleading guilty and that his claim of ineffective assistance of appellate counsel is without merit.  Upon review and applying the AEDPA standards, I recommend that the petition be denied.

## Procedural History

In 1990, petitioner was charged, along with a co-defendant, with one count of possession with intent to deliver more than 225 grams but less than 650 grams of cocaine.  Petitioner successfully argued that the evidence had been seized pursuant to an illegal search of his car, and the circuit court dismissed the charges against Petitioner and his co-defendant.  The prosecution appealed the trial court's decision to the Michigan Court of Appeals.[1]  On June 28, 1993, the Michigan Court of Appeals reversed the circuit court and remanded the case for reinstatement of the charges.  While Petitioner's co-defendant sought leave to appeal to the Michigan Supreme Court, Petitioner did not appeal.  The Michigan Supreme Court denied the co-defendant's application on October 26, 1993.

Petitioner's trial was initially scheduled for March 4, 1994.  However, because counsel was not appointed until March 2, 1994, the trial date was adjourned until April 20, 1994.  Petitioner filed a pre-trial motion to dismiss the charge for violation of Michigan's 180-day rule.  MICH. COMP. LAWS § 780.131.  Petitioner argued that the 180-day period began to run on June 28, 1993, when the court of appeals issued its decision reversing the trial court on the suppression issue.

---

[1]While the appeal was pending, Petitioner was convicted in an unrelated prosecution of two counts of delivery of 650 or more grams of cocaine, for which he was sentenced to two consecutive terms of life imprisonment without the possibility of parole, as mandated by the version of MICH. COMP. LAWS § 333.7401(2)(a)(i) in effect on the date he committed the offense.  By virtue of 2002 PA 666, effective March 1, 2003, petitioner's sentence was reduced to not more than thirty years or a fine of $500,000.00, or both.

Petitioner asserted that it was unreasonable for the prosecutor to delay his case on the ground that his co-defendant sought leave to appeal to the Michigan Supreme Court.  The prosecution countered that the 180-day period did not begin to run until the supreme court denied the co-defendant's application for leave to appeal on October 26, 1993.  While Petitioner did not appeal to the supreme court, the prosecution reasoned that he certainly would have received the benefit of any decision in his co-defendant's favor.  The trial court concluded that the 180-day period did not begin to run until October 26, 1993, and that the prosecution made a good faith effort to try the case within 180 days. Accordingly, the court denied Petitioner's motion to dismiss.

On April 21, 1994, Petitioner pleaded guilty to one count of possession with intent to deliver more than 50 but less than 225 grams of cocaine.  (Plea Transcript, 12, Appendix A.)  His plea was conditioned upon his ability to appeal an alleged violation of Michigan's 180-day rule.  The trial court sentenced him on August 3, 1994, to imprisonment for twelve to twenty years. (Sentencing Transcript, 7-8, Appendix A.)

On direct appeal, Petitioner continued to argue a violation of Michigan's 180-day rule.  (*See* Def.-Appellant's Br. on Appeal, docket #22.)  In an opinion issued on December 8, 1995, the Michigan Court of Appeals affirmed Petitioner's conviction.  The court of appeals held that there was no state speedy trial violation because the 180-day period did not begin to run until the record was returned to the trial court on November 5, 1993.  (*See* 12/8/95 Mich. Ct. App. Opinion ("MCOA Op."), docket #22.)  Petitioner's application for leave to appeal to the Michigan Supreme Court was denied on September 27, 1996.

Petitioner filed his first  application for habeas corpus relief in this court on February 5, 1997.  *See Walters v. Adams*, No. 1:97-cv-82 (W.D. Mich.).  Petitioner asserted a

- 3 -

violation of his Sixth Amendment right to a speedy trial.  The Court dismissed his action on April 28, 1997, for failure to exhaust his state-court remedies because he had never raised a federal claim in his direct appeal.

Thereafter, Petitioner filed a motion for relief from judgment in the Clinton County Circuit Court.  He claimed that his Sixth Amendment right to a speedy trial had been violated and that his appellate counsel was ineffective for failing to raise the federal constitutional claim on direct appeal.  The circuit court concluded that Petitioner's claim was defaulted pursuant to M.C.R. 6.508(D)(3).  The Michigan Court of Appeals denied Petitioner's application for leave to appeal on October 16, 1998, pursuant to M.C.R. 6.508(D) and for lack of merit in the grounds presented.  (*See* 10/16/98 Mich. Ct. App. Ord, docket #25.)  On June 29, 1999, the Michigan Supreme Court denied Petitioner's application for leave to appeal because Petitioner failed to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D).  (*See* Mich. Ord., docket #26.)

Petitioner filed the instant habeas corpus action on or about June 9, 2000.  I issued a report and recommendation to dismiss the petition on June 1, 2001, on grounds of the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).  On November 28, 2001, the Court entered an order adopting my report and recommendation.  Several months later, the Sixth Circuit decided *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002).  In *Scott*, the court held that the Rules governing habeas corpus cases give a district court the ability to dismiss habeas petitions *sua sponte*, but that ability expires when the judge orders a respondent to file an answer or take other appropriate action. *Id.* at 928-30.  Accordingly, the court found that it was error for the district court to *sua sponte* dismiss the habeas corpus petition on statute of limitations grounds, after the state had waived the statute of limitations defense by failing to assert it in the responsive pleading.  *Id.*  On appeal, the

State conceded that the dismissal of Petitioner's habeas action was contrary to *Scott*, and moved to remand the petition for further consideration by this Court. The Sixth Circuit granted the motion to remand.

## Standard of Review

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 ("AEDPA"). *See Penry v. Johnson*, 532 U.S. 782, 791 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. This Court also may not consider decisions of lower federal courts in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Bailey*, 271 F.3d at 655; *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). Thus, the inquiry is "limited to an examination of the legal landscape as it would have appeared to the Michigan state

courts in light of Supreme Court precedent at the time [the petitioner's] conviction became final."

*Onifer v. Tyszkiewicz*, 255 F.3d 313, 318 (6th Cir. 2001).

A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court, (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the fact of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply. *Bailey*, 271 F.3d at 655 (citing *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir.), *cert. denied*, 124 S. Ct. 535 (2003). A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 410.

## Discussion

I.      Respondent maintains that Petitioner waived his federal speedy trial claim when he pleaded guilty. It has long been the case that an unconditional guilty plea bars habeas review of most non-jurisdictional claims alleging antecedent violations of constitutional rights. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Kowalak v. United States*, 645 F.2d 534, 537 (6th Cir. 1981). Petitioner conditioned his plea on the ability to appeal the alleged violation of Michigan's

180-day rule.  Petitioner asserted only a violation of state law in his motion to dismiss and on direct appeal before the Michigan appellate courts.  A violation by state officials of a state speedy trial law, taken alone, does not present a federal claim reviewable in a habeas petition.  *See Estelle v. McGuire*, 502 U.S. 62 (1991) (state-court determinations of state-law claims will not be examined in federal habeas proceedings); *Wright-El v. Mohr*, No. 89-4137, 1990 WL 143551, at *1 (6th Cir. Oct. 2, 1990). Petitioner did not assert a violation of his Sixth Amendment right to a speedy trial until his first application for habeas corpus relief.  Because Petitioner did not condition his plea upon his ability to raise a Sixth Amendment speedy trial claim, he waived his federal claim.  *See Howard v. White*, No. 03-1042, 2003 WL 22146139, at *2 (6th Cir. Sept. 16, 2003) ("Howard's unconditional nolo contendere plea to the charge of second-degree criminal sexual conduct in the instant case waived his claim that he was denied his constitutional right to a speedy trial."); *Cranmer v. Chapleau*, No. 95-6508, 1996 WL 465025, at *1 (6th Cir. Aug. 13, 1996) ("By pleading guilty, Cranmer waived his right to assert a violation of his speedy trial right.")

      II.    Petitioner also asserts that his appellate counsel was ineffective for failing to raise the Sixth Amendment speedy trial claim in his direct appeal, thus causing his constitutional claim to be defaulted in the state courts.  Appellate counsel's performance is judged under the same standard for evaluating trial counsel's performance found in *Strickland v. Washington*, 466 U.S. 668 (1984).  *See  Mapes v. Tate*, 388 F.3d 187, 191 (6th Cir. 2004).  In *Strickland*, the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel.  To establish a claim of ineffective assistance of counsel, the petitioner must prove:  (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome.

*Strickland*, 466 U.S. at 687-88.  A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.  The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.  Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment.  *Id.* at 691.

As discussed above, Petitioner's guilty plea was conditioned solely upon his ability to appeal the alleged 180-day rule violation, not a Sixth Amendment speedy trial violation.  Because Petitioner did not reserve the right to appeal the Sixth Amendment claim, appellate counsel could not properly raise it on direct appeal.  *See City of Owosso v. Pouillon*, 657 N.W.2d 538, 545 (Mich. Ct. App. 2003) ("A conditional plea preserves only those defenses specifically mentioned on the record.").  An issue not preserved on the record at the time of tendering the conditional plea is waived.  *Id.*; *accord*, *People v. Brown*, No. 243993, 2004 WL 868771 at * 2 (Mich. Ct. App. April 22, 2004).  Accordingly, appellate counsel's performance did not fall below an objective standard of reasonableness for failing to raise an unappealable issue.

## **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied.


Dated:   April 29, 2005                              /s/  Joseph G. Scoville_____
                                                     United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).