UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ALAN WALTERS,

        Petitioner,

                                                  Case No.  1:00-CV-456

v.

                                                  HON. ROBERT HOLMES BELL

KURT JONES, et al.,

        Respondent.
_____/

**ORDER DENYING PETITION**
**FOR WRIT OF HABEAS CORPUS**

This matter is before the Court on Petitioner David Walters' objections to the Magistrate Judge's April 29, 2005, Report and Recommendation ("R&R") recommending that Petitioner's § 2254 petition for writ of habeas corpus be denied. The R&R was duly served on the parties. This Court is required to make a *de novo* review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The Magistrate Judge determined that because Petitioner's guilty plea was conditioned solely upon his ability to appeal an alleged 180-day rule violation under state law, and not on his ability to raise a Sixth Amendment speedy trial violation under federal law, Petitioner waived his Sixth Amendment speedy trial claim. Plaintiff objects to this determination because he contends that his guilty plea was conditioned on his right to appeal an alleged

speedy trial violation. The Magistrate Judge clearly and correctly found that Petitioner conditioned his plea on the right to appeal his state law 180-day rule violation claim and not on the right to appeal a federal Sixth Amendment speedy trial claim. Because Petitioner entered a plea that was not conditioned on his right to raise a Sixth Amendment claim on appeal, the Magistrate Judge correctly determined that Petitioner waived the federal claim.

Petitioner also objects to the Magistrate Judge's recommendation that his ineffective assistance of appellate counsel claim be denied. Petitioner contends that the Magistrate Judges' dismissal of his original habeas petition so that he could raise a federal speedy trial claim in state court indicates that "Petitioner would have most likely succeeded" on his original habeas petition had appellate counsel presented or federalized Petitioner's speedy trial violation in his direct appeal. Contrary to Petitioner's contention, the dismissal of his habeas petition without prejudice to enable him to exhaust his federal claim did not suggest anything about the merits of that claim. Dismissal of unexhausted claims pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982), is essentially a matter of federalism and comity, ensuring that the state court has the first opportunity to review all claims of constitutional error. *O'Guinn v. Dutton*, 88 F.3d 1409, 1412 (6th Cir. 1996) (citing *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987), and *Duckworth v. Serrano*, 454 U.S. 1 (1981)). It is no indication of the merits of the claim.

Moreover, the Magistrate Judge correctly determined that appellate counsel cannot be deemed ineffective for failing to raise an issue that was not preserved in the trial court.

The failure of counsel on direct appeal to raise a procedurally defaulted claim does not rise to the level of constitutionally ineffective assistance of counsel. *See Burton v. Renico*, 391 F.3d 764, 783 (6th Cir. 2004). Accordingly, upon due consideration of Petitioner's objections,

**IT IS HEREBY ORDERED** that the April 29, 2005, Report and Recommendation of the Magistrate Judge is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's request for habeas relief is **DENIED**.

Date:   July 22, 2005          /s/ Robert Holmes Bell
                               ROBERT HOLMES BELL
                               CHIEF UNITED STATES DISTRICT JUDGE